[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 24, 2011
JOHN LEY
CLERK

No. 09-11071
Non-Argument Calendar
_____

D. C. Docket No. 08-00088-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GURMERCINDO BELTRAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 24, 2011)

**ON REMAND FROM THE UNITED STATES
SUPREME COURT**

Before DUBINA, Chief Judge, and EDMONDSON, Circuit Judge.[*]

_____

[*]Judge Birch was a panel member of the original Opinion. Since then, Judge Birch retired from the bench and is no longer a member of the court. Pursuant to 11th Cir. R. 34-2, the remaining two judges may proceed by quorum.

PER CURIAM:

In *United States v. Beltran*, 367 F. App'x 984 (11th Cir. 2010), we affirmed Appellant Gurmercindo Beltran's enhanced sentence as a career offender pursuant to U.S. Sentencing Guidelines Manual § 4b1.1 following his conviction for possession with intent to distribute cocaine and crack cocaine under 21 U.S.C. § 841(a)(1), (b)(1)(C). The United States Supreme Court vacated our judgment, *Beltran v. United States*, ___ U.S. ___ , 131 S. Ct. 899 (2011), and remanded the case to us for further consideration in light of its decision in *Johnson v. United States*, 559 U.S. ___ , 130 S. Ct. 1265 (2010). Having considered the parties' briefs in the initial appeal and the record, we remand this case to the district court for further consideration of Beltran's sentence in light of *Johnson*.

In *Johnson*, the Supreme Court considered whether the defendant's prior Florida battery conviction was a "violent felony" under the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924(e)(2)(B)(i), one with an element of "use, attempted use, or threatened use of physical force against the person of another." The *Johnson* Court determined that in order for a crime to be a violent felony, it must involve "violent force," further defined by the Court as "force capable of causing physical pain or injury to another." *Johnson*, 559 U.S. at ___, 130 S. Ct. at 1271.

Under U.S. Sentencing Guidelines Manual § 4b1.1, a defendant qualifies as a career offender if he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." A crime of violence is defined as it is in the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), the provision at issue in *Johnson*. Thus, in addition to certain enumerated offenses not relevant here, a "crime of violence" for purposes of § 4B1.1 is "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."

To decide whether a prior conviction constitutes a crime of violence, the sentencing court ordinarily employs a "categorical approach." *Taylor v. United States*, 495 U.S. 575, 600 (1990). Under this approach, the court may "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602. In a limited class of cases, however, where the definition of the underlying crime encompasses both violent and non-violent conduct, a sentencing court may look beyond the statutory definition. *Johnson*, 559 U.S. at ___, 130 S. Ct. at 1273. In such cases, "the modified categorical approach . . . permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record—including charging documents, plea agreements, [and] transcripts of plea colloquies[.]" *Id.* (internal quotation marks omitted).

In this case, the district court relied on Beltran's felony conviction under Fla. Stat. § 843.01 as one of the predicate offenses for the career offender enhancement under § 4B1.1(a).[1] At the time of Beltran's conviction, Fla. Stat. § 843.01 made it a felony offense to "knowingly and willfully" resist, obstruct, or oppose "any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer." Fla. Stat. § 843.01 (2002). The district court exclusively employed the categorical approach in reaching its conclusion and did not consider if Beltran's conviction under Fla. Stat. § 843.01 qualified as a violent felony under the modified-categorical approach discussed in *Johnson*.[2] Thus, we vacate Beltran's enhanced sentence and remand this case for the district court to consider the enhancement anew in light of *Johnson v. United States*, 559 U.S. ___ , 130 S. Ct. 1265 (2010).

**VACATED and REMANDED**.

---

[1]Beltran does not dispute that he has one qualifying prior felony conviction.

[2]The government alluded to potentially useful information regarding the nature of Beltran's Florida offense, but the record on appeal is not complete enough for us to determine whether the modified-categorical approach may be applied to find Fla. Stat. § 843.01 is a violent felony. *See* Sentencing Transcript, statements by government's counsel, R. 85 at 17 ("The crimes, the acts that Mr. Beltran committed, were crimes of violence. We believe that, quite possibly, [defense counsel] may even be right categorically, but there is no dispute as to what Mr. Beltran did, and they were violent acts.").